## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY GORDON,** | : | **CIVIL ACTION NO. 1:10-CV-1257** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MIKE WENEROWICZ, PA STATE** | : | |
| **ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

Petitioner, Anthony Gordon ("Gordon"), a state inmate presently

incarcerated at the State Correctional Institution at Frackville ("SCI-Frackville"),

filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging

the January 7, 2010 decision of the Commonwealth of Pennsylvania Board of

Probation and Parole ("Board") to deny him parole. (Doc. 1, at 16; Doc. 16-2, at 43.)

The matter is ripe for disposition. For the reasons set forth below, the petition will

be denied.

## I.   Background

On September 8, 2000, after being found guilty of Aggravated Assault in

violation of 18 PA. STAT. ANN. § 2702, and Possessing Instruments of Crime in

violation of 18 PA. STAT. ANN. § 907,  Gordon was sentenced in Philadelphia County,

Pennsylvania, to periods of incarceration of eight to sixteen years on the

Aggravated Assault charge, and two years and six months to five years on the

Possessing Instruments of Crime charge. (Doc. 16-2, at 1.)  His controlling

minimum sentence expired on April 21, 2007, and his controlling maximum date is April 21, 2015.  (Id.)

Petitioner has received a number of misconducts  spanning years 2002 through 2004, 2008 and 2010.  On two occasions, he was found guilty of Threatening an Employee or Their Family with Bodily Harm, Refusing to Obey an Order, and Using Abusive, Obscene, or Inappropriate Language to an Employee.  (Doc. 16-2, at 13, 17.)  On another occasion, he was found guilty of Threatening an Employee or Their Family with Bodily Harm, and Using Abusive, Obscene, or Inappropriate Language to an Employee.   (Id. at 38.)  He received four other misconducts which included the offenses of Refusing to Obey an Order, Presence in an Unauthorized Area, Lying to an Employee, Using Abusive, Obscene or Inappropriate Language, and Failure to Stand Count or Interference with Count.  (Doc. 16-2, at 6, 10, 21, 32)  He was found guilty of all misconduct.  (Id.)

On January 16, 2007, Gordon had his first parole review.  He was refused parole based on his minimization of the nature and circumstances of the offenses committed, his refusal to accept responsibility for his criminal conduct, his lack of remorse, and his institutional behavior including reported misconducts.  (Doc. 16-2, at 23.)  He was informed that at his next interview the Board would consider whether he had a favorable recommendation for parole from the Pennsylvania Department of Corrections ("DOC") and whether he maintained a clear conduct record and completed DOC prescriptive programs.  (Id. at 23-24.)

The Board issued another decision on December 13, 2007, denying parole based on his "minimization/denial of the nature and circumstances of the offense(s) committed."   (Doc. 16-2, at 25.)  He was informed that at his next interview, the Board would review and consider whether he maintained a favorable recommendation for parole from the DOC, whether he maintained a clear conduct record and completed the DOC's prescriptive programs and whether he successfully completed a correctional treatment plan.  (Id.)

His next review resulted in an April 9, 2008 decision refusing parole.  (Doc. 16-2, at 27.)  In addition to the previously cited reasons, he was refused parole based on reports, evaluations and assessments concerning his behavior and history that reflects ongoing risk to the community, his need to participate in and complete additional institutional programs, and his interview with the hearing examiner. (Id.)  He was advised that his future review would consist of consideration of whether he successfully competed a mental health treatment program, whether he maintained a favorable recommendation for parole from the DOC, whether he maintained a clear conduct record and completed the DOC's prescriptive programs and an updated health evaluation.  (Id.)

The Board refused parole in its March 11, 2009 decision based on Gordon's institutional behavior and misconducts, the negative recommendation made by the DOC, and the indication that he was a risk to the community based on reports, evaluations, and "assessments/ level of risk."  (Doc. 16-2, at 41.)  He was again informed that his next review would include analysis of whether he complied with

3

DOC ordered mental health services, whether he received a favorable recommendation for parole from the DOC, and whether he had a clear conduct record.  (Id.)

The decision which is the subject of Gordon's present petition for writ of habeas corpus was issued by the Board on January 7, 2010.  (Doc. 16-2, at 43.)  At that time, Gordon was refused parole based on the negative recommendation made by the DOC, and reports, evaluations and assessments indicating that he is a risk to the community.  (Doc. 16-2, at 43.)  The Board advised him that his future review would include an evaluation of whether he received a favorable DOC recommendation for parole, maintained a clear conduct record, and completed the DOC's prescriptive programs.  The Board also informed him that an updated psychological report must be available at the time of his next review.  (Id.)

Gordon then filed the instant petition for writ of habeas corpus alleging "[t]he Board abused its discretion and violated petitioners [sic] due process rights because its decision to deny him parole was arbitrary and capricious because said denial of parole conflicts with the Board's statutory duties to release petitioner on parole in accords with the state and federal constitutions and the state's provisions regarding the best interests of society and the individual."[1]  (Doc. 1, at 17, ¶ 7.)  He further states that "[t]he Board's denial of parole was arbitrary and capricious as

---

[1]Gordon seeks relief on due process grounds.  (Doc. 1, at 5, 6.)  His supporting arguments are contained in his Petition for Review filed in the Commonwealth Court of Pennsylvania, which is attached to the petition as "Exhibit B."  (Doc. 1, at 16-20.)

4

well as not reasonably or rationally related to ensuring effective treatment.
Petitioner's substantive due process rights were violated because there was no
supporting evidence, only broad conclusions supporting reasons for denial of
parole."  (Id. at 18, ¶ 12.)

He further argues that his denial of parole "has more to do with Gov. Rendell
forcing the Board to not release inmates with a violent crime than it does with
petitioner being a 'Public risk' concern."  (Id. at 17, ¶ 3.)  "Since Sep. 29, 2008 when
Gov. Rendell first issued an order directing the Board and the DOC to temporarily
suspend all releases on parole for Pennsylvania inmates until an independent
expert review was completed because a parolee killed a police officer,
approximately eleven hundred (1100) inmates were released on Parole in
Pennsylvania each month. . . .  Less than six hundred (600) per month is [sic] now
being released due to having a violent offense, irregardless [sic] of good conduct
performance and completion or required prescriptive programs."  (Id. at ¶ 4.)  The
moratorium was completely lifted on December 1, 2008.[2]

He represents that he has "successfully participated in and completed the
treatment programs recommended and maintained a clean conduct record and was
only given an unfavorable recommendation by the prison because of his crime."
(Id. at p. 18, ¶ 13.)

---

[2]http://abclocal.go.com/wpvi/story?section=news/local&id=6533815

## II.   <u>Discussion</u>

### A.   **Procedural Due Process**

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps.  <u>See</u> <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564 (1972).  First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state.  <u>Kentucky Dept. of Corrs. v. Thompson</u>, 490 U.S. 454, 460 (1989) (citing <u>Bd. of Regents</u>, 408 U.S. at 571). Second, if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient.  <u>Id.</u> (citing <u>Hewitt v. Helms</u>, 459 U.S. 460, 472 (1983)). Gordon cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  <u>Greenholtz v. Inmates of Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979).  Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law.  <u>Burkett v. Love</u>, 89 F.3d 135, 139 (3d Cir. 1996); <u>Rogers v. Pa. Bd. of Prob. & Parole</u>, 555 Pa. 285, 724 A.2d 319, 323 (Pa. 1999).

## B.  Substantive Due Process

"Even if a state statute does not give rise to a liberty interest in parole release under <u>Greenholtz</u>, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."  <u>Block v. Potter</u>, 631 F.2d 233, 236 (3d Cir.1980).  "Although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'"  <u>Burkett</u>, 89 F.3d at 139 (citing <u>Perry v. Sindermann</u>, 408 U.S. 593, 597 (1972)).  Under substantive due process, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here).  <u>Id.</u> at 140.  In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. <u>Block</u>, 631 F.2d at 237.

The United States Court of Appeals for the Third Circuit has stressed, however, that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking."  <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 246-47 (3d Cir. 2002). "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due

process are met if there is some basis for the challenged decision." <u>Coady v.</u>

<u>Vaughn</u>, 251 F.3d 480, 487 (3d Cir. 2001).

Gordon contends that the January 7, 2010 decision to refuse parole is

arbitrary and capricious because the Board failed to specify whether it considered

psychological reasons, his character, background or conduct in prison. (Doc. 1, at

17, ¶ 6.) Gordon fails to recognize that parole was refused because of the negative

recommendation made by the DOC as well as the determination that "reports,

evaluations and assessments/level of risk" indicated Gordon was a risk to the

community. (Doc. 16-2, at 43.) It cannot be disputed that there was "some basis"

for the decision to refuse parole. Nor can it be disputed that the denial of parole

was not arbitrary and capricious as it was based on the negative recommendation

made by the Department of Corrections and various reports, evaluations and

assessments of Gordon's risk of recidivism. He has failed to direct the court to any

factor relied upon by the Board that could be described as "conscience shocking."

Finally, his argument that the January 7, 2010 refusal of parole was a result of

the parole moratorium issued by Governor Rendell lacks merit. The moratorium

was lifted on December 1, 2008, and parole was refused on January 7, 2010, years

after the moratorium was lifted.

**III.**   **<u>Conclusion</u>**

Based on the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate order follows.


<u>  S/ Christopher C. Conner  </u>
CHRISTOPHER C. CONNER
United States District Judge


Dated:        November 10, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY GORDON,** | : | **CIVIL ACTION NO. 1:10-CV-1257** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MIKE WENEROWICZ, PA STATE** | : | |
| **ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondents** | : | |

## <u>ORDER</u>

AND NOW, this 10th day of November, 2011, upon consideration of the

petition for writ of habeas corpus (Doc. 1), and in accordance with the

accompanying memorandum, it is hereby ORDERED that:

1.    The petition for writ of habeas corpus is DENIED.

2.    The Clerk of Court is directed to CLOSE this case.


       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge